IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MOST REVEREND LAWRENCE E.
BRANDT, *Bishop of the Roman Catholic
Diocese of Greensburg, as Trustee of the
Roman Catholic Diocese of Greensburg, a
Charitable Trust*, ET AL.,

         Plaintiffs,

         v.

KATHLEEN SEBELIUS, *In Her Official
Capacity as Secretary of the U.S. Department
of Health and Human Services*, ET AL.,

         Defendants.

14cv0681
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER**

Presently before this Court is Defendants' Motion for Reassignment which contends that because the instant case allegedly is not related to case numbers 13cv0930 (*Pohl v. United States Dep't. of Health & Human Svcs.,*) ("*Pohl*") and 13cv1459 (*Zubik v. Sebelius,*) ("*Zubik*"), both of which were assigned to the undersigned, this case should be randomly assigned, or in the alternative, re-assigned to Chief Judge Joy Flowers Conti.[1] Doc. no. 11, p. 3. Plaintiffs filed a Response to the Motion for Reassignment (doc. no. 12) and thus, the matter is ripe for adjudication. For the reasons set forth below, the Court will deny the Motion for Reassignment.

---

[1] The Court notes that Defendants' Motion contends that Plaintiffs marked the case as also being related to the Erie-based lawsuit, *Persico v. Sebelius,* 13cv0303. However, the Civil Cover Sheet does not indicate same. See doc. no. 1-1. Additionally, the Plaintiffs' Response to the Motion for Reassignment indicates that they only marked this case as being related to the two Pittsburgh-based lawsuits, referenced above.

I.  DISCUSSION

"Like some other courts, this Court has adopted a procedure to assign related cases to the same judge, who has familiarity with them . . . ." *Coulter v. Studeny,* CIV.A. 12-0338, 2012 WL 2829948, *2 (W.D. Pa. July 10, 2012). The relevant Local Rule of Civil Procedure for the United States District Court for the Western District of Pennsylvania governing the assignment of newly filed cases reads, in pertinent part, as follows:

> C. Assignment of Civil Actions.  Each civil action shall be assigned to a Judge who shall have charge of the case. The assignment shall be made by the Clerk of Court from a non-sequential list of all Judges arranged in each of the various categories.  Sequences of Judges' names within each category shall be kept secret and no person shall directly or indirectly ascertain or divulge or attempt to ascertain or divulge the name of the Judge to whom any case may be assigned before the assignment is made by the Clerk of Court.
>
> D. Related Actions. At the time of filing any civil or criminal action or entry of appearance or filing of the pleading or motion of any nature by defense counsel, as the case may be, counsel shall indicate on an appropriate form whether the action is related to any other pending or previously terminated actions in this Court.  Relatedness shall be determined as follows:
>
> \*       \*       \*
>
> > 2. [C]ivil actions are deemed related when an action filed relates to property included in another action, or involves the same issue of fact, or it grows out of the same transaction as another action, or involves the validity or infringement of a patent involved in another action; . . .
>
> \*       \*       \*
>
> E. Assignment of Related Actions.
>
> > 1. If the fact of relatedness is indicated on the appropriate form at time of filing, the Clerk of Court shall assign the case to the same Judge to whom the lower numbered related case is assigned.
>
> \*       \*       \*

LCvR 40.

As noted above, when Plaintiffs filed this case, they marked it as being "related to" case numbers 13cv0930, *Pohl*, and 13cv1459, *Zubik*, both of which were previously assigned to the undersigned. See Civil Cover Sheet, doc. no. 1-1.

Defendants argue that the present case is "unrelated to either *Zubik* or *Pohl*." However, Defendants concede that the three cases "loosely relate to the same subject matter – the contraceptive coverage requirement of the preventative services coverage regulations[.]" Despite this concession, Defendants contend that either: (1) the relationship is insufficient to meet the definition of the above-quoted Local Rule of Civil Procedure; or (2) if Plaintiffs marked this matter as related because it raises "similar objections to the regulations promulgated by Defendants[,]" this matter should be reassigned to Chief Judge Joy Flowers Conti who presides over the first-filed, Pittsburgh-based challenge to preventative services coverage regulations in the Western District, *Geneva College v. Sebelius*, 12cv0207 ("*Geneva*").[2]

Plaintiffs respond that reassignment is not warranted because this case is "identical in all material respects to the *Zubik* case." Doc. no. 12, p. 4. All of the Plaintiffs in this case participate in the same benefits trust as all of the Plaintiffs in *Zubik* and, thus, the facts regarding health care insurance offered through the benefits trust are identical.

Moreover, Plaintiffs contend that the primary legal issues in these cases (*Zubik* and the instant matter) are identical. Specifically, whether a Bishop of the Catholic Church, who serves

---

[2] The Court notes that there was at least one other earlier case filed in the United States Court for the Western District of Pennsylvania which challenged the preventative services coverage regulations and pre-dates the filing of *Geneva*. See *Trautman v. Sebelius*, 12cv0123. The *Trautman* case was an Erie-based case which was assigned to former Chief Judge McLaughlin, and was closed on January 22, 2013. Trautman was the then-Bishop of the Diocese of Erie and the Court dismissed the *Trautman* lawsuit upon Defendants' Motion for lack of subject matter jurisdiction primarily holding that the matter was not ripe. When the *Zubik* Plaintiffs and *Persico* Plaintiffs filed their respective lawsuits in Pittsburgh and Erie on October 8, 2013, both sets of Plaintiffs marked their case as related to *Pohl* (which had been assigned to the undersigned). Defendants in both cases filed a Motion for Reassignment, and this Court denied both Motions, filing a short Order in each case. See *Zubik* (13cv1459) at doc. no. 24, and *Persico* (13cv303) at doc. no. 29.

as the Chairman of the Board of Catholic Charities and as the Trustee for St. John Evangelist Regional Catholic School, can comply with the preventative services coverage regulations promulgated under the Affordable Care Act and thereby act in manner inconsistent with Catholic doctrines and tenets. See doc. no. 12, p. 5.

The Court finds that the instant matter "involves the same issue(s) of fact," and/or "it grows out of the same transaction as another action" – *Zubik* – as required for a case to be deemed related pursuant to LCvR 40.

In addition, this Court has previously written on the relationship of *Pohl* to *Zubik*. In the *Zubik* case, this Court held:

> . . . [*Pohl*] "involves the same issues of fact" and/or "grows out of the same transactions." See Local Rule 40(D)(2). All three cases (the FOIA case and the two above-referenced cases) generally relate to Plaintiffs' objections to the regulations promulgated by The United States Department of Health and Human Services pursuant to the Affordable Care Act.

*Zubik v. Sebelius,* 13cv1459, doc. no. 24, p. 3.

Here, because the Court has now concluded that the present matter is akin to *Zubik*, and because this Court has previously found *Zubik* to be related to *Pohl,* the Court concludes that this matter is, likewise, related to *Pohl.*

## II. CONCLUSION

Therefore, based upon the foregoing, the Court will **DENY** Defendants' Motion to Reassign.[3] Doc. no. 11.

---

[3] The Court further finds that this case is <u>not</u> related to the *Geneva* case. Because Defendants raise this argument in their Motion, the Court will attempt to briefly address same. First, the named Plaintiffs in this case are more akin to the named Plaintiffs in *Zubik* (13 cv1459), than to the entity listed as the named Plaintiff in *Geneva* (12cv207). Second, because of the differences between the Plaintiffs in this case (as well as those Plaintiffs in the *Zubik* case) as compared to the Plaintiff entity in the *Geneva* case, the issues before Chief Judge Conti and this Court differ in both analysis and application of the current case law governing the application of the preventative services coverage regulations promulgated under the Affordable Care Act. Compare doc nos. 114-115 in *Geneva College v. Sebilus*, 12cv0207, to doc. nos.

**SO ORDERED**, this 29th day of May, 2014.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

---

75-76 in *Zubik v. Sebelius*, 13cv1459. Accordingly, the Court does not agree that this case is "related" to *Geneva* as suggested by Defendants. See doc. no. 11, p. 3.